Our next case is Insurance Company of the West v. High Performance Alloys. Whenever you're ready, Mr. Anderson. Thank you, Your Honor. May it please the Court, Matthew Anderson on behalf of Appellant High Performance Alloys. This case is really a simple matter of the interpretation of an exclusion of an employer's liability policy. The underlying complaint here, filed by the estate of the Sullivan family, was for wrongful death. That the incident occurred in the course of Mr. Sullivan's employment, there is no question. There is no question that Indiana Work Comp statutes would apply to some of the cases. I just have a jurisdictional question before we kind of get into the merits of this case. So in your briefing, you indicated at Docket 35-2 that High Performance filed a motion to dismiss the underlying lawsuit. Correct, Your Honor. And there was a finding by the trial court. I don't, I'm not clear from you, I think there's a typo in the brief. Sure. As to the date of that finding, but you noted that the trial court denied High Performance's motion to dismiss without explanation. Correct. And what date was that? I don't know the precise date. I can tell you it was subsequent to the district court's order. And so I have. Maybe around the same time, I'm sorry. It was, you have July 2-2-3. So I don't, you have 223 of 2024, and then we have. I think it was July 22nd or 23rd then of 2024. I'm confident of that, but it's not in the record. So I was asking if you could make the clarification as to which date. So you don't know if it was the 22nd or 23rd? I do not offhand. Okay. I apologize. And so it looks like in the district court, there was a decision made January 29th of 2025. Yes. Sorry. And so if the trial court six months before made a determination that, or dismissed the motion, denied the motion to dismiss, is there a finding in the trial court, in Tipton Circuit Court, that this case, I guess the Sullivan lawsuit, is not governed by the Indiana Workers' Compensation Act? I think the determination made by the trial court was only, the only decision made there was that the complaint could proceed. It didn't clarify whether or not the complaint was proceeding under a theory of an intentional tort or under the theory of gross negligence. Okay. And we never got any clarification on that. And I think this court can still entertain the issues before it, because the judgment entered was judgment on the pleadings that were before the court. So I don't think that that's, the fact that that happened, that was the denial of our summary judgment, and I think we wanted to add more facts in because of that. But we did not, I don't think that this court, sorry, I think that this court can entertain the question before it today. And so what we have in the state court at this juncture is that the case can proceed. However, the trial court in Tipton has not made the determination as to whether or not she is proceeding under intentional or gross negligence.  There's been no determination. Okay. Getting back to our argument, the estate of Sullivan has alleged, as the court has noted, a litany of claims against high-performance alloys, ranging from gross negligence, willful wanton conduct, all the way to intentional harm. The issue here in this case is whether or not this exclusion in the policy excludes all the possible claims above and beyond those claims that I think both sides would agree are governed by workers' compensation under Indiana law. So we're not here today to dispute whether or not, you know, some of these claims would file under the Indiana Work Compact. It's whether all the claims would fall under either the Indiana Work Comp Statute or fall under the exclusion in the policy. Our position is that Indiana law has made very clear that there are two types of intentional torts that are excluded by the Indiana Work Comp Statutes. Those are, one, if the harm is intended by the employer. And two, if the employer commits an action or inaction where the employer knows injury is certain to occur. And that second one is what we're really here to discuss, that second part. A plain reading of the exclusion, which is that bodily injury intentionally caused or aggravated by you, certainly that would fall under the first category of intentional torts promulgated by the Indiana Supreme Court decision in Baker. It's that second prong, that second decision, that has no bearing or no application whatsoever. And in support of that, we, I think even both sides, would acknowledge that neither the Indiana Court of Appeals nor the Indiana Supreme Court has addressed that issue. But there are several courts in other jurisdictions who have addressed this very exclusion and who have applied that to similar, if not identical, workers' compensation laws, which also, I guess, similarly, if not identically, define intentional torts in their jurisdictions as well. The Cavalier case in Michigan being one. But I think one of the most helpful cases was the Royal Indemnity case out of, it was a federal decision out of Connecticut, where there were two types of policies actually evaluated in that case. And in that case, there was a issue of, well, do we have, I think there was, there was the same type of exclusion where the exclusion said bodily injury intentionally caused or aggravated by the employer. There also was, I think, bodily injury that you should expect or would expect to be caused by the employer. I guess the difference in the reasoning being one is an objective test, one is a subjective. But either way, the Connecticut court found, or the federal court in that case found, that under both theories, under either exclusion, this second definition of intentional torts where injury is expected to occur, that did not, the exclusion did not apply to that. And these exclusions, and I think there was some, and I want to make a brief point about those, which is that while we only have four extra-jurisdictional cases that comment on this topic, I would say that there are none, no other cases that any party has cited that would say that the exclusion would apply or similar exclusions apply. So the only law that's come out so far has commented that, well, no, these exclusions don't apply. It's too narrow. Clearly, it applies to an intentional tort where harm is intended. It does not apply to anything else. And then the second question becomes, well, what does the state of Sullivan say in their complaint? And what we've heard from the insurance company of the West is that, well, the complaint alleges a lot of gross negligence, and it also alleges intentional harm. It never commits to the magic language, you know, high-performance alloys, a new injury was certain to occur, and there's never an allegation of that. But that's not really the threshold question that we ask when we're talking about insurance coverage or the duty to defend. The threshold question is whether or not the facts alleged by the Sullivan estate could give rise to any such claim. I don't think it would be a stretch for the state of Sullivan to ask for relief to appeal and add such a claim to their complaint without even having to change any of the facts alleged. And, I mean, there already are intentional acts alleged within the complaint. It's just a matter of degree of foreseeability of harm. That's really the issue. Mr. Anderson, you're well into your rebuttal if you want to save some time. Okay. But it's up to you. No, no, no. I just noticed that. Okay. You just beat the yellow light. So I appreciate it, Your Honor. Thank you. Good luck. All right. Mr. McVick. Good morning, Your Honor. William McVick on behalf of the insurance company of the West. May it please the Court. Your Honors, you know, we've been talking a lot about, or we often talk about in this case, about that second part of the exception. But I think what we really need to do is look at the Baker case and see what it said. And what it said was, it didn't say, like a lot of states, a lot of courts in other states have said that there's an intentional tort exception to the workers' compact. What Baker said was, to qualify for the exclusive remedy provision of the workers' compact, there has to be an accident. If it falls within either of two things, there is no accident. Either the employer specifically intended, or it was certain to occur. But either way, the Indiana Supreme Court said there's no accident. The policy that we are talking about only applies to accidents. The insuring agreement of this policy says it applies to bodily injury caused by accident. So unless we're going to have two different definitions of accident, one for the workers' compact and one for insurance coverage, there was no accident here. Well, there's two ways you can look at this case. One is there is an accident. If there was an accident, it's covered by the exclusive remedy provision of the workers' compact, and the plaintiff in the underlying case can't recover. And in Baker, it says an injury occurs only by accident when neither the sufferer nor the employer intends it to result.  And that's, go ahead. So that's our point, is that you had to have, I mean, obviously, I don't think anybody is saying that the underlying plaintiff in this case intended the result. But they are saying that, in fact, in order for them to have any case at all, they have to say the employer intended the result. Now, the NA Supreme Court did say there's two ways to find intent. One is I specifically intended to do this, and the other is it was certain to occur. And I think if you think back to our torts class long ago, this is the kind of case where if somebody shoots a bullet into a crowd, they weren't aiming at anyone specific, so they didn't intend to specifically hit somebody. They knew that was certain to occur, that somebody was certain to get hurt, right? Somebody was certain to get hit by the bullet. What tort class were you in? I'm sorry, what? What tort class were you in? It's a long-ago tort class, when we learned about intent. But that is an intentional tort. And that's, I mean, the plaintiff, in order for the plaintiff to recover in this case, they have to basically do one of those two things. That means it's not an accident. If there's no accident, there's no coverage under the employer's liability policy of this case. If there is an accident, then the plaintiff can't recover. And in order for there to be a duty to defend, there has to be some way the plaintiff can recover for something that would be covered under the policy. So for you, the gross negligence, as alleged, never moves into intentionality under any law? Gross negligence is never covered because it automatically falls within the workers' compensation. There's two things. First of all, the plaintiff can't recover for gross negligence because it's not intentional. Second, it therefore falls within the workers' comp provision and therefore falls within the workers' comp exclusion of the policy, as the district court found. The only way they can recover is if they prove in its intent and therefore it wasn't an accident. And if there is no accident, it's not covered under the employer's liability policy. So I think that really is basically everything there is to say about this case. The Tribbett case is the concern that I have of answering, being able to move it, at least from the allegations and the complaint, to a theory of intentional thwart. I'm sorry, I'm not sure. The Tribbett case, it's out of Indiana, that the same is true, that they were on notice, that I guess there was a lot being made in the briefing around the notice that high performance was on in regards to what could happen. Right. And the Tribbett case, answering the question, was that enough to move it to intentionality? The employer was on notice that this would occur. And I think that is obviously the case for the underlying court case, but either way, the only way that under Baker, the only way that they can conceivably recover is if they show it was intentional. And intentional means the court said basically it's an intentional thwart, either if you intend specifically to injure the plaintiff, or you know an injury is going to occur. And either way, the court said that's not an accident. And if there's no accident, it's not covered under the insuring agreement, and it falls within the intentional thwart's exclusion to the policy. It's kind of a little bit of a redundancy because obviously intentional thwarts are not accidents, right? But I think that's the first thing you have to get to is the insuring agreement in this case. And the accident is, that's part of the insuring agreement. So if there's no accident, and the Baker court said there is no accident, if either one of those two applies. So therefore, I think there is no way the plaintiff can recover for this loss other than by taking it outside the policy. So, Your Honor, if you don't have any other questions, I'm happy to cede my time. Thank you. Okay. Thank you, Mr. Vickvesk. Mr. Anderson. Thank you, Your Honor. Mr. Vickvesk touched on something that I had actually intended to talk about myself. You don't get to define accident by how work comp law and tort law defines accident. That's in the traveler's case from Florida. You define it using principles of contract. So we don't define accidents by what work comp says are accidents. That's the first flaw in that argument. The second flaw in that argument, and more prominently, is that we don't determine the outer limits of insurance policies by what they say the insurance policy is for. We interpret them through exclusions. Exclusions are just that. They're exclusions of items that would ordinarily be covered under the policy. That's black-letter law. So if something isn't excluded by the exclusion, it's covered, regardless of whether we call it an accident policy or not. Also, the term accident has been found in prior decisions to be ambiguous. That is from the Harvey decision that's cited in their brief. The court in that case was interpreting the policy, which also touched on the issue of intent, about the court found in that case that the term accident was not defined in the policy, and so it looked to whether or not the facts of the case to figure out whether something was intentional or accident. With that, I appreciate the court's time. Thank you. Thank you, Mr. Anderson. Thank you, counsel. The case will be taken under advisement.